UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
LESLIE MOUDIS,                                                                    **VERIFIED COMPLAINT**

                      Plaintiff,

   -against-

                                                                 Civil No.:

UNITED STATES OF AMERICA, UNITED
STATES POSTAL SERVICE, and ROBERT T. WEST,

                      Defendants.
------------------------------------------------------------------X

PLEASE TAKE NOTICE, that Plaintiff, by and through their attorneys, **THE LAW OFFICES OF MICHAEL S. LAMONSOFF, PLLC**, with offices at 32 Old Slip, 8th Floor, New York, New York 10005, complaining of the Defendants, respectfully alleges as follows:

## NATURE OF THE ACTION

1. This action arises under the Federal Tort Claims, Act, 28 U.S.C. Section§ 2671, et seq. to hold Defendants UNITED STATES OF AMERICA, UNITED STATES POSTAL SERVICE and ROBERT T. WEST accountable for their negligence, carelessness, and recklessness in the ownership and operation of a certain motor vehicle that struck a vehicle operated by Plaintiff LESLIE MOUDIS on Old Northern Blvd near its intersection with West Shore Road, in the Village of Roslyn, County of Nassau County, State of New York, on or about March 27, 2019, resulting in serious and permanent personal injuries and damages to the Plaintiff LESLIE MOUDIS.

## JURISDICTION AND VENUE

2. This Honorable Court has jurisdiction over this action pursuant to 28 U.S.C. 1326(b), which provides that the United States District Courts have exclusive jurisdiction of civil actions on claims against The United States of America and The United States Postal Service for personal injuries and damage to property.

3. Venue is properly within this District under 28 U.S.C § 1402(b) because the cause of action arose in the Eastern District of the New York and Plaintiff resides within this District.

## THE PARTIES

4. At all times herein mentioned, the Plaintiff LESLIE MOUDIS was and still is a resident of the County of Nassau, State of New York.

5. At all times herein mentioned, Defendant UNITED STATES OF AMERICA was and still is a federal agency which comes under the provision of the Federal Tort Claims Act.

6. At all times hereinafter mentioned, Defendant UNITED STATES POSTAL SERVICE, was and still is a United States Federal Agency and business entity duly organized, formed and existing under the laws of the UNITED STATES OF AMERICA and an independent establishment of the executive branch of the Government of the United States as a quasi-government agency.

7. That, upon information and belief, at all times hereinafter mentioned, the United States Postal Service was and still is an agency and/or department of the Defendant, the UNITED STATES OF AMERICA.

8. At all times hereinafter mentioned, Defendant ROBERT T. WEST was and still is a resident of the County of Nassau, State of New York.

9. At all times hereinafter mentioned, Defendant ROBERT T. WEST was an employee of Defendant UNITED STATES POSTAL SERVICE.

## CONDITIONS PRECEDENT

10. On or about January 13, 2020, Plaintiff served upon the Defendant, UNITED STATES POSTAL SERVICE, a sworn Claim for Damage, Injury or Death (Standard Form 95) pursuant to the provisions of Federal Tort Claims Act, containing all of the information required by statute, which states, *inter alia*, the appropriate federal agency, Plaintiff's date of birth, the time and place of where the injuries and damages were sustained, together with Plaintiff's demands for adjustments thereof. See Exhibit "1".

11. More than six (6) months from the date of service of said Claim for Damage, Injury or Death has passed and the Defendants have failed to adjudicate and/or make any adjustments or payments thereof, and pursuant to 28 U.S.C. § 2675(a), Plaintiff elects to consider such failure to act as a final denial of the claim.

12. Plaintiff LESLIE MOUDIS has exhausted all of her administrative remedies in this matter.

13. All conditions precedent to this action have been performed or have occurred.

## AS AND FOR A FIRST CAUSE OF ACTION: NEGLIGENCE

14. At all times hereinafter mentioned, the Defendant, UNITED STATES OF AMERICA, was the owner of a certain 1988 Grumman motor vehicle.

15. At all times hereinafter mentioned, the Defendant, UNITED STATES POSTAL SERVICE, was the owner of a certain 1988 Grumman motor vehicle.

16. At all times hereinafter mentioned, the aforementioned 1988 Grumman motor vehicle was used by employees of the Defendant, the UNITED STATES OF AMERICA, in the course of and within the scope of their employment.

17. At all times hereinafter mentioned, the aforementioned 1988 Grumman motor vehicle was used by employees of the Defendant, the UNITED STATES POSTAL SERVICE, in the course of and within the scope of their employment.

18. At all times hereinafter mentioned and on March 27, 2019, Defendant, ROBERT T. WEST, was the operator of the aforementioned 1988 Grumman motor vehicle.

19. Upon information and belief, at all times hereinafter mentioned and on March 27, 2019, Defendant ROBERT T. WEST, was and still is, an employee of Defendant UNITED STATES POSTAL SERVICE.

20. Upon information and belief, at all times hereinafter mentioned and on March 27, 2019, ROBERT T. WEST, operated the aforementioned 1988 Grumman motor vehicle in the course of, and within the scope of, his employment by Defendant UNITED STATES POSTAL SERVICE.

21. Upon information and belief, at all times hereinafter mentioned and on March 27, 2019, ROBERT T. WEST, operated the aforementioned 1988 Grumman motor vehicle with the permission and consent of its owner, Defendant UNITED STATES OF AMERICA.

22. Upon information and belief, at all times hereinafter mentioned and on March 27, 2019, ROBERT T. WEST, operated the aforementioned 1988 Grumman motor vehicle with the permission and consent of its owner, Defendant UNITED STATES POSTAL SERVICE.

23. At all times hereinafter mentioned and on March 27, 2019, Plaintiff LESLIE MOUDIS, was the operator of a certain 2017 Landover motor vehicle bearing New York State license plate number DXX2000

24. At all times hereinafter mentioned, Old Northern Blvd and West Shore Road, in the Village of Roslyn, County of Nassau, State of New York, were and still are public roadways, streets and/or thoroughfares, and are used as such in common by the public at large.

25. On or about the March 27, 2019, Defendant ROBERT T. WEST, was operating the aforesaid 1988 Grumman motor vehicle at or near the intersection of Old Northern Blvd. and West Shore Road in the Village of Roslyn, County of Nassau, State of New York.

26. On or about March 27, 2019, Plaintiff's vehicle was struck by the aforesaid United States Postal truck operated by Defendant ROBERT T. WEST and owned by Defendant, the UNITED STATES OF AMERICA at or near the intersection of Old Northern Blvd. and West Shore Road in the Village of Roslyn, County of Nassau, State of New York.

27. On or about March 27, 2019, Plaintiff's vehicle was struck by the aforesaid United States Postal truck operated by Defendant ROBERT T. WEST and owned by Defendant, the UNITED STATES POSTAL SERVICE at or near the intersection of Old Northern Blvd. and West Shore Road in the Village of Roslyn, County of Nassau, State of New York.

28. The aforesaid collision and resulting injuries sustained by Plaintiff LESLIE MOUDIS were caused by the negligence, carelessness, and recklessness of the Defendants in the ownership, operation, management, repair, control, and supervision of their motor vehicle, in that they caused, permitted and allowed their motor vehicle to be operated over and along a public roadway without paying the requisite and proper attention to oncoming traffic at a fast,

excessive, and/or greater rate of speed than care and caution would permit under the circumstances and conditions then and there existing and/or at a greater rate of speed so as not to be able to stop, steer and/or avoid the collision. Defendants were further negligent in failing to use an apply adequate and proper brakes, steering and signaling mechanisms; in failing to observe and abide by the Rules of the Road; in failing to observe and/or abide by posted speed limits; in making an improper and/or unsafe turn; in failing to yield the right of way; in failing to operate their motor vehicle in a safe manner in light of the roadway and traffic conditions then and there existing; in failing to exercise forbearance; in striking Plaintiff's vehicle; in failing to keep a reasonably adequate and proper lookout and /or to be reasonably alert at all times; in failing to stop, slow down, steer or veer so as to avoid this collision; in failing to keep their vehicle in a safe and operable condition; and in that under all the facts and circumstances herein enumerated, including acts of omission and commission, Defendants were careless, reckless, and negligent.

29. The aforesaid occurrence took place without any negligence on the part of the Plaintiff and occurred solely as a result of the negligence of the Defendants.

30. Solely by reason of the negligence of the Defendants, the Plaintiff, **LESLIE MOUDIS**, was caused to be and was violently thrown in and about the motor vehicle and against various parts thereof and was caused to sustain serious and severe personal injuries; and that the Plaintiff was rendered sick, sore, lame, and disabled; was caused to suffer, did suffer and, upon information and belief, will continue to suffer great bodily and mental pain; and that plaintiff was compelled to incur divers obligations in an effort to cure herself of said injuries; and upon information and belief, the Plaintiff's injuries are of a permanent nature.

31. As a result of the Defendant's negligence, the Plaintiff sustained a serious injury as defined by section 5102(d) of the NY Insurance Law, or economic loss greater than the basic economic loss, as defined by section 5104 of the NY Insurance Law.

32. Defendant UNITED STATES OF AMERICA is vicariously liable for the negligence of its agency UNITED STATES POSTAL SERVICE.

33. Defendant UNITED STATES OF AMERICA is vicariously liable for the negligence of its employee ROBERT T. WEST.

34. Defendant UNITED STATES POSTAL SERVICE is vicariously liable for the negligence of its employee ROBERT T. WEST.

35. This action falls within one or more of the exceptions enunciated in section 1602 of the New York C.P.L.R.

36. By reason of the foregoing, the Plaintiff, LESLIE MOUDIS, has sustained damages in the amount of ONE MILLION ($1,000,000.00) DOLLARS.

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiffs respectfully demands judgment against the Defendants as follows:

In the first cause of action, judgment in favor of Plaintiff, LESLIE MOUDIS, in the sum of ONE MILLION (1,000,000.00) DOLLARS.

All together with costs and disbursements of this action, and any other relief this Court deems just and proper.

Dated: New York, New York
       November 16, 2020

>Yours, etc.,
>THE LAW OFFICES OF MICHAEL S. LAMONSOFF
>
>By:___/s_____
>
>**Jason Lesnevec**
>Attorney for Plaintiff LESLIE MOUDIS
>32 Old Slip
>New York, New York 10005
>(212) 962-1020

## ATTORNEY'S VERIFICATION

JASON LESNEVEC, an attorney duly admitted to practice before the Courts of the State of New York, affirms the following to be true under the penalties of perjury:   I am an attorney at LAW OFFICES OF MICHAEL S. LAMONSOFF, PLLC, attorneys of record for Plaintiff, LESLIE MOUDIS. I have read the annexed **COMPLAINT** and know the contents thereof, and the same are true to my knowledge, except those matters therein which are stated to be alleged upon information and belief, and as to those matters I believe them to be true. My belief, as to those matters therein not stated upon knowledge, is based upon facts, records, and other pertinent information contained in my files.

This verification is made by me because Plaintiff(s) is/are not presently in the county wherein I maintain my offices.


DATED:     New York, New York
           November 16, 2020


                                         /s
                                    _____
                                    JASON LESNEVEC, ESQ