UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
LESLIE MOUDIS,

                                Plaintiff,

       -against-

UNITED STATES OF AMERICA,

                                Defendant.
------------------------------------------------------------------------X

For Online Publication Only

**MEMORANDUM & ORDER**
20-CV-05674 (JMA) (AYS)

**AZRACK, United States District Judge:**

      Presently before the Court is the motion by Defendant United States of America to dismiss Plaintiff Leslie Moudis' claims under the Federal Tort Claims Act ("FTCA") for lack of jurisdiction pursuant to Federal Rule of Civil Procedure ("Rule") 12(b)(1). (See ECF No. 74.) Plaintiff's claims arise from an incident in March 2019 where a United States Postal Service ("USPS") employee negligently drove a USPS truck into Plaintiff's vehicle at an intersection in Roslyn, New York. (See generally, Compl., ECF No. 1; ECF No. 57.) For the following reasons, the Court GRANTS Defendant's motion to dismiss.

## I.    BACKGROUND

### A. Relevant Facts[1]

      The Court assumes familiarity with the underlying facts of the March 27, 2019 incident, where Plaintiff was struck by a USPS driver. (See generally, ECF No. 57.) On or about April 4, 2019, Plaintiff retained the Law Offices of Michael S. Lomonsoff to assist in filing a claim for damages resulting from her injuries. (ECF No. 74-1, Herbst Decl. Ex. A; Pl's Opp'n, at 6.) On

---

[1] The facts set forth in this Opinion are drawn from Plaintiff's Complaint (ECF No. 1 ("Compl.")) and the parties' submissions in connection with Defendants' motion to dismiss. These include the declarations of: Kimberly A. Herbst, manager of Tort Program and Adjudication with the USPS ("Herbst Decl.," ECF No. 74-1); Krista Riemma, Tort Claims Specialist for the USPS ("Riemma Decl.," ECF No. 72-2); and Kenneth J. Gorman, special and appellate counsel to the Law Offices of Michael Lamonsoff, PLLC ("Gorman Decl.," ECF No. 74-6). For ease of reference, the Court refers to Defendants' brief in support of their motion to dismiss as "Defs.' Br." (ECF No. 74-3), to Plaintiff's opposition brief as "Pl.'s Opp." (ECF No. 74-13), and to Defendants' reply brief as "Defs.' Reply Br." (ECF No. 74-14.) The Court only recites facts here that are relevant for the present motion to dismiss.

January 13, 2020, Plaintiff filed her administrative claim with the USPS, using Standard Form 95 ("SF-95.[2]") The SF-95 describes the incident as occurring on March 27, 2019, at 10:32AM, and states that Plaintiff "was traveling straight through the intersection with a green light, when a motor vehicle, owned by the US Postal service and operated by Robert West, made a left turn into claimant's vehicle. As a result, claimant suffered personal injuries." (Herbst Decl., Ex. B.) The SF-95 further states that Plaintiff "suffered injuries to her head, neck, back, shoulders, knees, and hips," and claims damages of $1 million. (Id.) Plaintiff's counsel sent this SF-95 with a cover letter to "Accident/Claims Investigator, Long Island District, PO Box 8304, Melville, New York 11760-9331." (Id., Ex. A; see also Riemma Decl. ¶ 8.) Also enclosed were "two (2) Copies of Ms. Leslie Moudis claim for Injury along with the retainer agreement executed by Ms. Moudis, the police report, and two photographs depicting the site of the occurrence." (Herbst Decl., Exs. A-B; Gorman Decl. ¶ 5.) This mailing did not include any medical records pursuant to Plaintiff's claimed injuries. (Herbst Decl. ¶ 9; Riemma Decl. ¶ 9.) USPS received this mailing on or about January 16, 2020. (Id.)

By letter dated March 10, 2020, the National Tort Center, an arm of the Law Department of USPS, acknowledged receipt of the mailing. (Herbst Decl. ¶ 11; Herbst Decl., Ex. C.) In that letter, the USPS requested medical records and itemized bills from Plaintiff. (Id.) The letter states:

> Before this claim can be considered for adjudication it must be supported by competent evidence as defined with the SF95 claim form. Accordingly, please provide me with your client's medical records and itemized bills for treatment received in connection with the above-referenced incident as well as support for any claimed property damage and/or wage loss. (See the back side of the SF 95

---

[2] See 28 C.F.R. § 14.2 ("For purposes of the provisions of 28 U.S.C. 2401(b), 2672, and 2675, a claim shall be deemed to have been presented when a Federal agency receives from a claimant, his duly authorized agent or legal representative, an executed Standard Form 95 or other written notification of an incident, accompanied by a claim for money damages in a sum certain for injury to or loss of property, personal injury, or death alleged to have occurred by reason of the incident; and the title or legal capacity of the person signing, and is accompanied by evidence of his authority to present a claim on behalf of the claimant as agent, executor, administrator, parent, guardian, or other representative.")

2

claim form.) If you do not submit these materials, I will be unable to properly evaluate the claim and will have no recourse but to issue a denial.

(Id.) Plaintiff did not send any medical or billing records in response to the March 10, 2020 letter. (Herbst Decl. at ¶ 12; see Riemma Decl. at ¶ 10.) On September 25, 2020, USPS left a voicemail message with Plaintiff's counsel, once again requesting Plaintiff's medical and billing records. (Herbst Decl. at ¶ 13.) Defendant claims that USPS "did not receive any medical or billing records from Plaintiff or her counsel until December 7, 2020." (Def's Br' at 11; Herbst Decl. at ¶¶ 15-16; Riemma Decl. at ¶¶ 10-11.)

Plaintiff's counsel asserts that, in response to the September 25, 2020 voicemail, on October 2, 2020, he mailed a letter and attached medical records to USPS Tort Claims Investigation. (Gorman Decl. ¶ 12, Ex. 1.) Plaintiff also attaches an affidavit from Irina Shterenberg, the litigation paralegal assigned to Plaintiff's case, who states that on October 2, 2020, she mailed the letter and medical records United States Postal Service Tort Claims Investigation, Long Island District, P.O. Box 8304, Melville, NY 11760, Attn: Krista Riemma. (Gorman Decl. ¶ 13; Gorman Decl., Ex. 2 ("Shterenberg Affidavit") ¶¶ 2-3.) Additionally, Plaintiff's counsel provides a log entry from Trialworks, "the legal practice management software used by our office," which contains an entry titled "Insurance – Letter Enclosing Specials Package – Updated 7.14.20," purportedly referring to the mailing of the letter and attached medical records. (Gorman Decl., Ex. 4.)

### B. Procedural History

On November 20, 2020, Plaintiff filed her initial Complaint. (ECF No. 1.) At the conclusion of discovery, the parties proposed holding a bifurcated bench trial before the undersigned. (See Minute Entry for Jan. 12, 2024 Conference, ECF No. 44.) On January 16, 2024, the undersigned held a bench trial to determine liability for the March 27, 2019 incident. (See

Minute Order for Jan. 16, 2024, Bench Trial, ECF No. 48.)  On June 20, 2024, the Court issued its Findings of Fact and Conclusions of Law pursuant to the bench trial.  (ECF No. 57.)  In relevant part, the Court concluded that USPS driver Robert West's "negligence served as the sole proximate cause of the Accident and Defendant is liable for any resulting damages proven at the next portion of the bench trial."  (Id. at 14.)  On August 9, 2024, Defendant for the first time moved for a pre motion conference to dismiss the Complaint for lack of jurisdiction.  (ECF No. 63.)  On August 16, 2024, Plaintiff filed her response in opposition.  (ECF No. 65.)  The Court then waived its pre-motion conference requirement and directed the parties to submit a joint briefing schedule.  (See August 19, 2024 Order.)  On January 4, 2025, Defendant filed its fully briefed motion to dismiss.  (ECF No. 74.)

## II.     LEGAL STANDARDS

On a motion to dismiss pursuant to Rule 12(b)(1) for lack of subject matter jurisdiction, "[t]he party asserting subject matter jurisdiction carries the burden of establishing, by a preponderance of the evidence, that jurisdiction exists."  Branch of Citibank, N.A. v. De Nevares, 74 F.4th 8, 15 (2d Cir. 2023).  A court must dismiss a case for lack of subject matter jurisdiction when it "lacks the statutory or constitutional power to adjudicate it."  Makarova v. United States, 201 F.3d 110, 113 (2d Cir. 2000).  "Failure of subject matter jurisdiction, of course, is not waivable and may be raised at any time by a party or by the court *sua sponte*."  Oscar Gruss & Son, Inc. v. Hollander, 337 F.3d 186, 193 (2d Cir. 2003) (citing Lyndonville Sav. Bank & Trust Co. v. Lussier, 211 F.3d 697, 700 (2d Cir. 2000)).

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a).  Summary judgment should be granted "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no

4

genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247 (1986).  In other words, "summary judgment is appropriate only where the record taken as a whole could not lead a rational trier of fact to find for the non-movant."  Borley v. United States, 22 F.4th 75, 78 (2d Cir. 2021) (applying this standard to an FTCA claim).  The moving party has the burden of demonstrating that there is no genuine issue of material fact.  Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986).  "Where the moving party demonstrates the absence of a genuine issue of material fact, the opposing party must come forward with specific evidence demonstrating the existence of a genuine dispute of material fact."  Brown v. Eli Lilly & Co., 654 F.3d 347, 358 (2d Cir. 2011).  In its analysis, the Court must "construe the evidence in the light most favorable to the non-moving party and draw all reasonable inferences in its favor."  ING Bank N.V. v. M/V Temara, 892 F.3d 511, 518 (2d Cir. 2018).  Ultimately, "[t]he role of the district court on summary judgment is 'not to resolve disputed issues of fact but to assess whether there are any factual issues to be tried.'"  McKinney, 49 F.4th at 738 (quoting Brod v. Omya, Inc., 653 F.3d 156, 164 (2d Cir. 2011)).

Rule 12(d) authorizes courts to convert motions to dismiss for failure to state a claim into motions for summary judgment if "matters outside the pleadings are presented to and not excluded by the court." FED. R. CIV. P. 12(d).  The rule requires that "[a]ll parties must be given a reasonable opportunity to present all the material that is pertinent to the motion."  Id.  This Circuit explains that Rule 12(d), therefore, gives courts "only two options" when they are presented with documents outside the complaint on a motion to dismiss: "(1) the court may exclude the additional material and decide the motion on the complaint alone or (2) it may convert the motion to one for summary judgment under Fed. R. Civ. P. 56 and afford all parties the opportunity to present supporting material."  Palin v. N.Y. Times Co., 940 F.3d 804, 810–11 (2d Cir. 2019).  "[T]he conversion of a Rule 12(b)(6) motion into one for summary judgment is governed by principles of

5

substance rather than form." Id. at 811. "[T]he essential inquiry is whether the [nonmovant] should reasonably have recognized the possibility that the motion might be converted into one for summary judgment." Id. at 811–12.

## III. DISCUSSION

### A. Defendants Are Entitled to Summary Judgment Due to Plaintiff's Failure to Adequately Present Her Claim

The sole issue before the Court is whether Plaintiff complied with the FTCA's presentment requirement by providing sufficient information about her claim to USPS prior to filing suit. For the following reasons, the Court concludes that no rational trier of fact could find that Plaintiff satisfied this requirement. Thus, the case must be dismissed for lack of subject matter jurisdiction.

#### 1. The Court Treats Defendant's Motion as a Summary Judgment Motion

As a threshold matter, Defendant moves to dismiss Plaintiff's claims against the United States for lack of subject matter jurisdiction under Rule 12(b)(1), or alternatively, for summary judgment under Rule 56. (See Def's Br. at 5-10.) Because both parties have presented "matters outside the pleadings" and the Court cannot exclude them in resolving the motion, the Court must treat the motion as one for summary judgment. See Fed. R. Civ. P. 12(d); e.g., Joseph v. United States, No. 22-CV-07007, 2024 WL 360663, at *3 (E.D.N.Y. Jan. 31, 2024) (treating motion for dismissal as a motion for summary judgment with respect to FTCA claims involving USPS); Burke v. USPS, No. 19-cv-2539, 2020 WL 9816003, at *3 & n.3 (E.D.N.Y. Sept. 28, 2020) (same). "Treatment of the motion under Rule 56 is appropriate here because Plaintiff[] had both 'sufficient notice' and 'an opportunity to respond.'" Joseph, 2024 WL 360663, at *3 (quoting Hernandez v. Coffey, 582 F.3d 303, 307 (2d Cir. 2009)). Here, Plaintiff does not dispute that the motion should be treated as a motion for summary judgment, and "most importantly, Plaintiff[] presented additional materials outside of the pleadings." Id. at 3; (See generally, Gorman Decl.; Pl's Opp'n.) Thus, the Court treats Defendant's motion as a motion for summary judgment.

6

B. <u>There is No Genuine Dispute That Plaintiff Failed to Present Her Claim</u>

    1. **FTCA Presentment Requirement**

A claimant may not sue for damages under the FTCA "unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail." 28 U.S.C. § 2675(a). The claim must be presented "in writing to the appropriate Federal agency within two years after such claim accrues." Id. § 2401(b). With respect to the FTCA,

> Congress expressly waived sovereign immunity by stating that "[t]he United States shall be liable, respecting the provisions of this title relating to tort claims, in the same manner and to the same extent as a private individual under like circumstances." 28 U.S.C. § 2674; *see Cooke v. United States*, 918 F.3d at 81. But the waiver is subject to a jurisdictional prerequisite: a tort action "shall not be instituted ... against the United States for money damages ... unless the claimant shall have first *presented* the claim to the appropriate Federal agency" for its review. 28 U.S.C. § 2675(a) (emphasis added). Further, an FTCA action "shall not be instituted for any sum in excess of the amount of the claim presented to the federal agency." *Id.* § 2675(b). Such presentment must be made within two years after a tort claim accrues. *See id.* § 2401(b).

<u>Collins v. United States</u>, 996 F.3d 102, 109 (2d Cir. 2021). Therefore, the presentment requirement is "jurisdictional and thus cannot be waived," and must be satisfied <u>prior to</u> filing suit. See <u>Celestine v. Mount Vernon Neighborhood Health Center</u>, 403 F.3d 76, 82 (2d Cir. 2005) (citing <u>McNeil v. United States</u>, 508 U.S. 106, 111 (1993)); <u>see also</u> <u>Phillips v. U.S. Postal Serv., No. 23-819</u>, 2024 WL 1613897, at *2 (2d Cir. Apr. 15, 2024) ("The Supreme Court made clear in <u>McNeil</u> that if a plaintiff files an FTCA claim in federal court prematurely -- before the administrative process has been exhausted -- the claim should be dismissed, even if it might become ripe at a later date during the pendency of the action.") (summary order). Additionally, because the FTCA is a limited waiver of sovereign immunity, the Court "must strictly construe matters concerning the waiver of sovereign immunity in favor of the government." <u>Cooke v. United States</u>, 918 F.3d 77, 80 (2d Cir. 2019) (citing <u>United States v. Sherwood</u>, 312 U.S. 584, 590 (1941)).

7

To satisfy the FTCA's presentment requirement, a Plaintiff must "provide the appropriate agency with sufficient notice of his claim to permit the agency to conduct an inquiry into the merits of his demand for compensation." Collins, 996 F.3d 102 at 109; see also Romulus v. United States, 160 F.3d 131, 132 (2d Cir. 1998) (hereinafter "Romulus II") (presentment of a claim requires "a written notice of the claim which provides enough information to enable an agency to investigate and ascertain the strength of a claim.") To satisfy the presentment requirement, then, a Plaintiff must provide to the agency "detailed information, [more] than the assertion of unspecified injuries to a claimant's head, body, and extremities." Id. at 112.

2. Analysis

Defendant asserts that Plaintiff's SF-95 is insufficient to satisfy the presentment requirement of the FTCA. (See generally, Def's Br.) Plaintiff's SF-95 "contains only the following vague description of her alleged injuries: 'Claimant suffered injuries to her head, neck, back, shoulders, knees, and hips.'" (Def's Br. at 22) (citing Herbst Decl., Ex. B.) That ambiguous description does not provide the USPS with enough information to "conduct an inquiry into the merits of his demand for compensation." Collins, 996 F.3d 102 at 109. Plaintiff does not dispute this conclusion. Nor could she. Numerous courts in this Circuit have held that similarly vague descriptions do not satisfy the FTCA's presentment requirement. See, e.g., Beretin v. United States, No. 22CV7570, 2024 WL 707282, at *2 (E.D.N.Y. Feb. 21, 2024) (dismissing claims for failure to satisfy the presentment requirement where "Plaintiff's SF-95 contains only a vague and conclusory description of her alleged injuries: that plaintiff sustained severe permanent personal injuries, the full extent of which are not presently known, but include, upon information and belief, severe and permanent injuries to her both ankles, both shoulders, right knee, neck and back.") (internal quotations and citation omitted); Harrison v. United States, 707 F. Supp. 3d 245, 249 (E.D.N.Y. 2023) (dismissing for failure to satisfy the presentment requirement where SF-95 stated

8

that claimant sustained "[m]ultiple bodily injuries including but not limited to the right leg and right knee."); Ruffin v. United States, No. 20-CV-04128, 2021 WL 4408039, at *3 (E.D.N.Y. Sept. 27, 2021) (dismissing action based on insufficient presentment where the SF-95 stated "[m]y injuries include, but are not necessarily limited to, [right] side neck [and] shoulder; mid[dle] [and] lower back."); Guzman v. United States Postal Serv., No. 21CV4415L, 2022 WL 17169529, at *1 (S.D.N.Y. Nov. 17, 2022), report and recommendation adopted, No. 21-CV-4415, 2022 WL 17417527 (S.D.N.Y. Dec. 5, 2022) (dismissing for insufficient presentment where Plaintiff merely "described his injuries as 'serious injuries to his head, neck, shoulders, arms, hands and back,' but he did not provide any detail and did not submit any supporting documentation regarding the extent of treatment, medical bills, and/or hospital stays.") (internal citation omitted). Thus, Plaintiff's SF-95 alone is insufficient to meet the presentment requirement of the FTCA.

In response to this argument, Plaintiff claims that the SF-95 was not the only method of presentment made to the USPS. Rather, Plaintiff asserts that on October 2, 2020, she mailed additional medical records, upon request, to the USPS tort claims department prior to the commencement of this action. (See Gorman Decl. ¶ 12, Ex. 1.) Defendants, however, maintain that they did not receive medical records until December 7, 2020, about two weeks after Plaintiff filed suit on November 20, 2020 (see ECF No. 1), and therefore could not properly evaluate the worth of Plaintiff's claims prior to suit. (See Def's Br' at 11; Herbst Decl. at ¶¶ 15-16; Riemma Decl. at ¶¶ 10-11.) In connection with Plaintiff's opposition, she submits declarations and affidavits from her counsel and litigation paralegal, a cover letter dated October 2, 2020, with attached medical exhibits, and a log entry from Trialworks. (See supra part I.A.) The Court finds, however, that even accepting the veracity of these supporting documents, Plaintiff fails to meet her burden to demonstrate sufficient presentment.

The dispute between the parties turns on whether, to satisfy presentment, Plaintiff must demonstrate that Defendant <u>received</u> the medical records, or whether it is sufficient for Plaintiff to rely on the common-law presumption that a piece of mail, properly addressed and mailed in accordance with regular office procedures, has been received by the addressee, the so-called "mailbox rule." (See Pl's Opp'n at 11-13; Def's Reply Br. at 5-10.) With respect to the FTCA, the rule in this Circuit is clear:

> the mailbox rule is inapplicable to claims brought under the FTCA, and that therefore the mere mailing of a notice of claim does not satisfy the FTCA's presentment requirement. <u>The statute and corresponding regulation make clear that actual receipt is required</u>, and applying the mailbox rule to claims under the FTCA would be inconsistent with the principle that waivers of sovereign immunity must be strictly construed and limited in scope in favor of the sovereign.

Cooke, 918 F.3d 77 at 82 (emphasis added).

Even accepting the authenticity of Plaintiff's supporting documents and drawing all inferences in her favor, then, the most Plaintiff demonstrates is that the medical records were mailed on October 2, 2020. This showing is insufficient to meet Plaintiff's burden to demonstrate receipt of the medical records. See, e.g., Feng Liu v. DiCarlo, No. 19-CV-8031, 2021 WL 22738, at *3 (S.D.N.Y. Jan. 4, 2021) (dismissing for lack of presentment where "Plaintiff has alleged that he mailed the Standard Form 95 . . . However, Plaintiff has not shown that the appropriate Federal Agency received the form. Further, in support of its motion to dismiss, the Government submitted an affidavit by Elijah Jenkins, a Supervisory Technical Support Specialist within the Department of Justice, stating . . . that he caused the appropriate Records Systems within the Civil Division of the Department to be searched and there is no record of an administrative claim being presented by Feng 'Kevin' Liu.'") (internal citations and quotations omitted); Young v. United States, No. 12-cv-2342, 2014 WL 1153911, at *8 (E.D.N.Y. Mar. 20, 2014) (holding that presentment requirement was not satisfied where a plaintiff "asserted in his deposition that he mailed" the notice

by certified mail, but had "no receipt or other evidence of mailing," and Defendant denied receipt); Jaghama v. United States, No. 11-cv-5826, 2013 WL 508497, at *2 (E.D.N.Y. Feb. 11, 2013) (rejecting argument that presentment was satisfied where a plaintiff "provide[d] only a copy of the SF-95 ... along with a representation in his brief that the form was mailed" on a specified date.); c.f. Shore v. United States, No. 23-cv-3681, 2024 WL 4350692 at * (E.D.N.Y. Sept. 30, 2024) (denying motion to dismiss where Plaintiff "provided documentation that [records] were *delivered* by USPS priority mail inside the DOT's headquarters. Specifically, Plaintiffs attached to their opposition brief the tracking information for each of the SF-95s, which shows that the three packages were delivered at the "FRONT DESK/RECEPTION/MAIL ROOM" at DOT on October 21, 2022.") (emphasis in original). Therefore, Plaintiff is not entitled to the mailbox rule presumption that the medical records were received by USPS and thus cannot meet her burden to demonstrate that Defendant received the records.

Because Plaintiff does not satisfy her burden to demonstrate Defendant received the medical records prior to the lawsuit, Plaintiff's presentment of her claim is limited to the original SF-95. As stated above, the descriptions on that form alone are insufficient to meet the presentment requirement. (See supra at 8-9.) Thus, Plaintiff does not meet the presentment requirement, and her claims must be dismissed for lack of jurisdiction.

## IV.   CONCLUSION

For the foregoing reasons, Defendant's motion for summary judgment is GRANTED and this case is DISMISSED.

**SO ORDERED.**
Dated:   April 11, 2025
         Central Islip, New York

                                                        (/s/ JMA)
                                                    JOAN M. AZRACK
                                              UNITED STATES DISTRICT JUDGE